IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01253-BNB

LA'RON MARSHALL,

    Plaintiff,

v.

[NO NAMED DEFENDANT],

    Defendant.

## ORDER OF DISMISSAL

    Plaintiff, La'Ron Marshall, is a prisoner in the custody of the Federal Bureau of Prisons who currently is incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. He filed *pro se* a letter (ECF No. 1) to me appearing to assert civil rights violations pursuant to 42 U.S.C. § 1983. The Court reviewed the letter and determined it was deficient. Therefore, on May 2, 2014, Magistrate Judge Boyd N. Boland entered an order (ECF No. 3) directing Mr. Marshall to cure certain enumerated deficiencies in the case within thirty days if he wished to pursue his claims.

    The May 2 order pointed out that Mr. Marshall failed to submit either the $400.00 filing fee or a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the proper, Court-approved form, i.e., the current form revised October 1, 2012, with an authorization and certificate of prison official, together with a certified copy of his trust fund account statement for the six-month period immediately preceding this filing obtained from the appropriate prison official. The May 2 order also

pointed out that Mr. Marshall failed to submit a Prisoner Complaint on the proper, Court-approved form. The May 2 order directed Mr. Marshall to obtain, with the assistance of his case manager or the facility's legal assistant, the Court-approved forms for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Prisoner Complaint. The May 2 order warned him that if he failed to cure the designated deficiencies within thirty days, the action would be dismissed without prejudice and without further notice.

On June 2, 2014, Mr. Marshall filed another letter (ECF No. 4) indicating that he had not intended to initiate a lawsuit and he was instead "reaching out to (Judge) Babcock in an attempt to receive assistance." ECF No. 4 at 1. Mr. Marshall is advised that Local Rule 77.2 of the Local Rules of Practice of this Court prohibits direct communications with a judicial officer.

Mr. Marshall has failed to cure the designated deficiencies within the time allowed. Therefore, the action will be dismissed without prejudice for Mr. Marshall's failure to cure the designated deficiencies as directed within the time allowed.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Marshall files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, La'Ron Marshall, to cure the deficiencies designated in the order to cure of May 2, 2014, within the time allowed. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  9th  day of     June    , 2014.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court